UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL MOMENT
    Plaintiff

V.                                                        CIVIL ACTION NO.1: 06CV00535

PEARL REARDON
    Defendant

## MOTION TO DISMISS THE COMPLAINT

Plaintiff, through undersigned counsel, moves that Plaintiff's complaint be dismissed with prejudice pursuant to F.R. Civ. Pro. 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted and that it is barred by the doctrine of res judicata.

## Factual Background

Plaintiff is the "significant other" of Defendant's daughter, Felita Phillips. Ms. Phillips has a child, the granddaughter of Defendant. In 2004 Defendant instituted an action in the Circuit Court of Montgomery County to force Ms. Phillips to allow her to exercise visitation rights with her granddaughter. That request was subsequently granted after much resistance by the Circuit Court of Montgomery County Maryland. Plaintiff is not the father of the minor child in question. During the course of the visitation litigation, Plaintiff began to harass and verbally threaten Defendant. As a result of those threats Defendant applied for and a warrant was issued for the arrest of Plaintiff. Plaintiff was subsequently arrested and tried in Superior Court of the District of Columbia. (Case No. M4828-04). He was convicted of Attempted Threats and placed on two years probation. That probation is still active.

1

Plaintiff previously filed a similar action to the instant against Defendant for defamation, harassment, slander and emotional distress in the Superior Court of The District of Columbia (Case No. 05CA002103B). That matter was dismissed after the Court granted Defendant's motion for judgment on the pleadings. At the same time Plaintiff filed a separate action against The District of Columbia alleging malicious prosecution and violation of Plaintiff's civil rights involving the same incident. Both cases were assigned to judge Frederick Weisberg . The case against The District was also dismissed. The instant case involves the same issues and parties.

### Standard of Review

A motion to dismiss pursuant to F. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the Plaintiff will be unable to prove any set of facts that would justify relief. Conley v. Gibson, 355 U.S. 41, 45(1957), Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987) The purpose of the 12(b)(6) motion is to test the legal sufficiency of the pleadings. Rule 12 (b)(1) similarly is applicable when it is clear from the pleadings that the court does not have jurisdiction over the subject-matter of the complaint. Plaintiff cites sections of the United States Code which, if supported by the pleadings, would confer jurisdiction upon the court.[1] For the court to have jurisdiction pursuant to 28 U. S. C. § 1343 the pleadings must demonstrate that there is a genuine federal question involved.

### PLAINTIFF'S COMPLAINT CONTAINS NO ALLEGATIONS SUPPORTING HIS CLAIMS OF CIVIL RIGHTS VIOLATIONS

---

[1] 18 U.S.C. 241 (Conspiracy against Civil Rights, 18U.S.C. 2261(Interstate Domestic Violence), 18 U.S.C. 2261(a) (Interstate Stalking), 18 U.S.C. 1981 (Equal Rights Under the Law), and 18U.S.C. 1985 (3) (Conspiracy to Interfere With Civil Rights)

2

**Section 241 Claim**

Title 18 § 241 provides in pertinent part that if any two or more persons conspire to injure, oppress, or intimidate any person in the free exercise of any right or privilege secured by him by the Constitution or laws of the United States, or because of him having so exercised same that those acts constitute a violation of this statute Plaintiff has not stated any act that would violate his civil rights nor has he named any person with whom he is alleged to have conspired.

**Section 2261 and 2261A Claims**

Section 2261 is violated when a person travels in interstate commerce or enters or leaves Indian Country with the intent to kill injure or harass a spouse or intimate partner. This statute addresses domestic violence issues and there is no allegation of domestic violence in the complaint. Section 2261A provides in pertinent part that the statute is violated when a person travels in interstate or foreign commerce within the special maritime and territorial jurisdiction of the United States or enters or leaves the country with the intent to injure or harass or intimidate another person and in the course of such travel places that person in reasonable fear of serious bodily harm to that person, a member of the immediate family of that person or spouse. Even the most liberal reading of the complaint does not allege a violation of the statute.

The complaint is totally void of any allegation that would constitute a violation of any constitutional right.

**1981 Claims**

Plaintiff contends that Plaintiff has violated his Civil Rights guaranteed by 42 U.S.C. § 1981 which prohibits racial discrimination in the making, performance,

modification and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of contractual relationships. Carney v. American Univ. 115 F. 3d 1090, 1093 (D.C. Cir. 1998). In order to proceed with a Section 1981 claim, Plaintiff must establish that he is a racial minority, that a contract was involved, and that Defendant has discriminated against him because he is a minority. Although not specifically plead, Defendant concedes Plaintiff is a minority. That is the only element of the statute that Plaintiff's complaint mentions that would violate the statute.

There are no facts alleged that there were any contractual issues involved and case precedent clearly establishes that 1981 claims typically involve circumstances relating to employment arrangements. See Carney, supra and Patterson v. McClean Credit Union, 491 U.S. 164 (1989). Under no reading of the allegations in the complaint could it be reasonably inferred that such a relationship existed.

**1983 Claims**

The last of the alleged constitutional violations pertains to clause (3) of 42 U.S.C.§ 1985. which prohibits conspiracies to interfere with civil rights of individuals or classes of individuals. Courts have recognized that claims under this section are limited to conspiracies that are motivated by some class based invidiously discriminatory animous. Van Hoai v. Thanh Van Vo , 935 F. 2d 308, 312 (D. C. Cir. 1991), Hobson v. Wilson, 737 F.2d 1, 14 (D.C. Cir. 1984). Plaintiff, as he has done in his alleged violations of 18 U.S.C. § 241 has failed to allege any acts constituting a conspiracy. This alone defeats his claim but there is no allegation in the complaint that the acts complained of were class based.

All of Plaintiff's constitutional claims must be dismissed for lack of subject-matter jurisdiction. Constitutional claims must be an essential element of Plaintiff's claims. See <u>In Re Orthopedic Bone Screw Products Liability Litigation</u>, 939 F.Supp. 1257 (N.D. Okla.1995) The claims must be substantial and not frivolous as is the instant case. Plaintiff's actions as plead only give rise to actions that sound in tort.The statute should be strictly construed strictly construed and all doubts resolved in favor of state court jurisdiction. See <u>Menendez v. Refco Securities Inc.,</u> 865 F. Supp. 721`(D.C. Colo. 1994)

### **Plaintiff Failed To Stated A Claim upon**

To the extent, if any, that Plaintiff's case should be dismissed because of lack of subject-matter jurisdiction and res judicata to be discussed herein, the complaint should be dismissed for failure to state a cause of action upon which relief can be granted pursuant F.R. Civ. Pro. 12(b)(6). The purpose of the rule is to test the legal sufficiency of the pleading. <u>Browing v. Clinton,</u> 352 F. 3d 235, 242 (D.C. Cir. 2002)

Plaintiff's malicious prosecution claim fails as a matter of law. His was arrested and convicted of making threats. A conviction operates as a bar to any suit for malicious prosecution. <u>Zanford v. Nat'l Assn. of Securities Dealers</u>, 19 F. Supp 2d 4, 7 (D.C.C.1998), <u>Joeckel v. Disabled American Veterans</u>, 793 A. 2d 1279, 1282 (D.C. App. 2002).

### **Plaintiff's Claims are barred by the doctrine Of Res Judicata.**

The doctrine of res judicata bars any subsequent action arising out of the set of operative facts. The issue is not determined based on whether a Plaintiff chose to enumerate a specific statutory violation. It is clear that a prior judgment on the merits

estops not only as to every ground of recovery or defense actually presented in the action, but as to every ground of recovery or defense that might have been presented. Johnson v. Capital City Mortgage Corp, 723 A. 2d 852 (D.C. 1999). If a case arises out of the same nucleus of operative facts , or is based upon the same factual predicate, as a former action, the two cases are really the same "claim" or cause of action for res judicata purposes. See Trustmark Ins. Co. v. ESLU, Inc. 299 F. 3d 1265, 1270 (11th Cir. 2002) It is the purpose of the doctrine of res judicata to bring an end to litigation and not allow parties to present claims or defenses in a piecemeal manner.

Here Plaintiff had an opportunity to bring to present his constitutional claims in his previous complaints. Indeed he did cite constitutional violations in his suit against the District of Columbia. The Superior Court of the District of Columbia is a court of general jurisdiction; it has the power to hear any cases arising in the District of Columbia, unless the statutory cause of action specifies the federal courts are to have exclusive jurisdiction. See Slater v. Biel, 793 A. 2d 1268, 1271(D.C. App.. 2002) He chose not to file all of his causes of action in a single claim perhaps thinking that he could perpetuate his alleged causes of action by getting more than one opportunity in a different court which the rules of court and applicable case law prohibits.

For the foregoing reason the complaint should be dismissed with prejudice.

                                        Respectfully submitted,

                                        _____
                                        Robert W. Mance #285379
                                        1150 Connecticut Avenue N.W.
                                        Ninth Floor

>Washington, D.C. 20036
>202-223-1254

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006 a copy of the foregoing was mailed, postage prepaid to Michael Moment at P.O. Box 5298 Hyattsville, Maryland 20782-0298

>_____
>Robert W. Mance