# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA


MICHAEL MOMENT
P.O. Box 5298
Hyattsville, Maryland, 20782-0298
(240) 832 - 7906
        Plaintiff,

                    Civil Action No. **1:06CV00535 R.W.R.**


vs.


PEARL REARDON
4339 Harrison Street NW.
Washington, D.C. 20016
(202) 966- 1249
        Defendants,

## MOTION TO DENY DEFENDANT'S MOTION FOR
## JUDGMENT ON THE PLEADINGS

Plaintiff, Michael Moment, respectfully ask this Honorable Court to deny Defendant's
Motion to Dismiss the Complaint for the reasons which follow:

Defendant's counsel states in their Motion to Dismiss the Complaint, that "during the
course of the visitation litigation, Plaintiff began to harass and verbally threaten
Defendant. As a result of those threats Defendant applied for and a warrant was issued for
the arrest of Plaintiff. Plaintiff was subsequently arrested and tried in Superior Court of
the District of Columbia. (Case No. M4828-04) Where Plaintiff was convicted of
attempted threats and placed on two years probation. That probation is still active.
On January 27, 2004, the Defendant maliciously made a false Police report to the
Metropolitan Police Department which led to a warrant being issued for the arrest of the
Plaintiff. **Exhibit 1** [the Defendant states that Plaintiff threatened to beat her up for
calling his sister.] Now the Defendant has stated that she the Defendant applied for a
warrant after she filed her Petition to Establish Visitation. **Exhibit 2** [the Circuit Court
for Montgomery County clearly shows that Defendant filed her Petition to Establish
Visitation on August 10, 2004,

1. On May 11, 2004, Plaintiff was arrested for felony threats and kidnapping the
   Defendant. **Exhibit 3** [ warrant was issued on April 7, 2004, Now the Defendant
   in their motion is stating that she applied for a warrant for the Plaintiff arrest for

2

harassing and verbally threatened her because of visitation litigation. The
Defendant is saying five days after she applied for a warrant for the Plaintiff arrest
for harassing and verbally threatened her. She the Defendant followed the
Plaintiff to his residence. **Exhibit 4** [picture of the Defendant]   the Defendant is
now filing a false court document just as she did on January 27, 2004.

2. Plaintiff was sentenced to 90 days E.S.S, 1 year supervised probation, 240 hours
of community service, complete anger management class, and stay away from
Mrs. Pearl Reardon and her husband. **Exhibit 5** [Judgment and Commitment/
Probation Order]

Defendant's counsel states in their Motion to Dismiss the Complaint, a motion to dismiss
pursuant to F.R. Civ. P. 12(b)(6) should be granted when it appears that, under any
reasonable reading of the complaint, the Plaintiff will be unable to prove any set of facts
that would justify relief.

The fact is that Defendant called and made a false Police report on January 27, 2004,
which subsequently had Plaintiff arrested for felony threats and kidnapping.

The fact is that Plaintiff has never seen the Defendant before August 11, 2004 when he
went to trial on the false complaint.

The fact is that Defendant was notified to stay away from Plaintiff.

The fact is that the Defendant came across state line in to the State of Maryland to
stalking and harasses the Plaintiff.

The fact is after being warned by the daughter of the Defendant and the Montgomery
County Police Department that she the Defendant was stalking and harassing the
Plaintiff, the Defendant continued to stalk and harasses the Plaintiff.

3

The fact is after Plaintiff went to the Defendant's attorney office to tell him to tell his
client to stay away from him, Plaintiff, and the son of the Plaintiff's. And that his client
has created an unpleasant or hostile situation. The fact is Defendant continued along with
her husband to come across state line to harass the Plaintiff and his family.

Defendant states in their Motion to Dismiss the Complaint, that the United States District
Court for the District of Columbia has no jurisdiction over the subject-matter of the
complaint.

On March 19, 2005, Plaintiff filed a complaint in the Superior Court of the District of
Columbia # 05ca002103.  On June 24, 2005, Plaintiff came before Judge Frederick
Weisberg of the Superior Court of the District of Columbia for an Initial Conference at
which time Judge Weisberg rescheduled the hearing until October 7, 2005.

On October 7, 2005, Plaintiff came back before Judge Weisberg. Judge Weisberg asked
the attorney for Mrs. Pearl Reardon had he filed his motion. The attorney stated I thought
you were going to dismiss this complaint on double jeopardy. Judge Weisberg asked why
did you think that? Judge Weisberg gave Mrs. Reardon's attorney until November 18,
2005, to file his motion. This was the last time Plaintiff came before Judge Weisberg.
Defendant states that this complaint has been dismiss by Judge Weisberg. On December
20, 2005, Plaintiff's initial conference hearing had been transferred from Judge Weisberg
to Judge Judith E. Retchin. **Exhibit 6** [docket sheet showing on December 20, 2005,
Judge Weisberg had been transferred off Plaintiff Initial Scheduling Conference.]
Therefore any orders pertaining to the case after December 20th should have been done
through Judge Retchin who was the current sitting judge of the case. Judge Weisberg had

4

no jurisdiction over the case anymore; so therefore he had no authority on January 12,

2006 to dismiss Plaintiff's case.

On January 12, 2006, Judge Weisberg granted Defendant a judgment.

### Violation of United States Code

1.  Title 18 U.S.C. § 241 (Conspiracy against Civil Rights.)

Defendant conspired with the two Detectives of the Metropolitan Police Department

to have Plaintiff arrested.

Judge Weisberg conspired with the Defendant and granted a judgment when he had

no authority to do so.

2.  Title 18 U.S.C. § 2261 (Interstate Domestic Violence.)

Defendant is the future mother-in-law of the Plaintiff

3.  Title 18 U.S.C. § 2261A. (Interstate Stalking.)

Defendant was warned by her daughter and the Montgomery County Police

Department and her attorney that Plaintiff wanted no contact with her of any kind and

to stay away from him, Plaintiff, and his family members. The Defendant came out

of the District of Columbia into the State of Maryland with the intent to injure or

harass or intimidate the Plaintiff and his immediate family violated this statute.

**Exhibit 4** [picture of the Defendant come into Maryland driving and come to

Plaintiff's residence stalking and harassing him after being warned to stop

4.  Title 42 Section 1981 (Equal Rights under the Law).

On August 12, 2004, Plaintiff entered in to a contract with the Superior Court of the

District of Columbia through Judge Craig Iscoe when he sentence and order the

Plaintiff to observe the conditions of his probation. When Defendant began filing and

5

making false statement to have the contract modified or terminated and prohibited the

Plaintiff to perform or enjoy all benefits, privileges, terms, and conditions of the

contract.

5. Title 42 Section 1985 (3) (Conspiracy to interfere with civil rights).

When the Defendant filed a false Police report and conspired with the two Detectives

to have Plaintiff arrested. They deprived Plaintiff of his rights when Judge Weisberg

conspired with the Defendant's counsel in the hearing in the Superior Court.


Defendant states that this case is barred by the doctrine of res judicata


a. ***Res judicata*** (from "res iudicata", Latin for "a thing decided") is a common law
doctrine meant to bar relitigation of cases between the same parties in court.

Once a final judgment has been handed down in a lawsuit, subsequent judges who are
confronted with a suit that is identical to or substantially the same as the earlier one will
apply *res judicata* to preserve the effect of the first judgment. This is to prevent injustice
to the parties of a case supposedly finished, but perhaps mostly to avoid unnecessary
waste of resources in the court system. *Res judicata* does not merely prevent future
judgments from contradicting earlier ones, but also prevents them from multiplying
judgments, so a prevailing plaintiff could not recover damages from the defendant twice
for the same injury.

Under the U.S.C. Title 42, chapter 21 §1988 Civil action for deprivation of rights, which

states [When any court violates the clean and unambiguous language of the Constitution,

a fraud is perpetrated and no one is bound to obey it "State v. Sutton, 63 Minn. 147 65

NW 262 30 ALR 660. Also Watson v. Memphis, 375 US 526; 10 L Ed 529; 83 S.Ct.

1314].

Judge Frederick H. Weisberg of the Superior Court of the District of Columbia had no

jurisdiction over the case. Yates v. Ho£fman Estates, 209 F.Supp.757 Ill. D.C. 1962. to

dismiss Plaintiff's complaint or grant the Defendant a judgment.

The Defendant through her counsel that no claim for relief was stated Plaintiff has stated the claim and the relief.

The claim:

1. Defendant made a false complaint Metropolitan Police Department.

2. Defendant made false statements on August 11, 2004, at trail.

3. Defendant made false statements to Plaintiff's Probation Officer.

4. On or about August 19, 2004, Defendant made a false complaint to Montgomery County Child Protection Services that Plaintiff was abusing a child in his home.

5. On January 12, 2005, Plaintiff was in District Court of Maryland for Montgomery County when Defendant and her husband harassed Plaintiff by calling Court Marshal on Plaintiff for being in the courthouse at the same time when she was in the courthouse.

6. March 7, 2005, Mrs. Sharon P. Nickelberry, Plaintiff's new Probation Officer, informed him that Defendant has been calling her everyday making complaints that he was harassing her.

7. On May 15, 2005, Defendant harassed Plaintiff by following him to his residence **Exhibit 6**

8. On May 16, 2005, Defendant came back to Plaintiff's residence.

9. From January 1, 2006, to the filing of this complaint in the United States District Court for The District of Columbia Plaintiff has encountered Defendant and her husband 12 more times.

10. Conspiracy against Civil Rights.

11. Interstate Stalking.

12. Harassment.

13. Filing a false police report.

14. Making false statements to a government agency.

15. Malicious prosecution.

16. Defamation of character

17. Slander.

18. Emotional Distress.

### Violation of District of Columbia Code and Procedure

1.  DC ST §22-2405 Chapter 7 (False Statements.)

2.  DC ST §22-2402 Chapter 24 (Perjury.)

3.  DC ST §22-2404 Chapter 24 (False Swearing.)

4.  DC ST §22-1803 Chapter 18 (Attempts to Commit Crime.)

5.  DC ST §22-722 Chapter 7 (Obstructing Justice and Corrupt Influence.)

### Violation of State of Maryland Criminal Law Code

1.  Md. Criminal Law Code Annotated §3-802 (Stalking.)

2.  Md. Criminal Law Code Annotated §3-803 (Harassment.)


Plaintiff is claiming relief of $4,000,000.00 million dollars from Defendant for willful

and knowingly violating and depriving Plaintiff of rights secured by Title 42 Section

1981 (Equal Rights under the Law) and Title 42 Section 1985 (3) (Conspiracy to Interfere

with Civil Rights). Title 18 U.S.C. § 2261 (Interstate Domestic Violence.) and the

Constitution of the United States, Federal Statutes, and Civil Rights Statutes.

**WHEREFORE,** the premises considered the Plaintiff's requests that this Honorable Court deny Defendant's Motion to Dismiss the Complaint.

Michael Moment, Pro Se

P.O. Box 5298

Hyattsville, Md. 20782-0298

(240) 832-7906

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2006, a copy of the foregoing was sent, by first class mail, postage prepaid, to Defendant's counsel Mr. Robert W. Mance at 1150 Connecticut Ave. N.W. 9th Floor, Washington, D.C. 20036

Michael Moment

RECEIVED

JUL 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT