# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Michael Moment
P.O. Box 1452
Owings Mills md
  21117     vs.

*Plaintiff*

05-0002103

Pearl Reardon
4339 Harrison st n.w.
Washington DC
       20016

*Defendants*

CIVIL ACTION No. _____

FILED
CIVIL ACTIONS BRANCH
MAR 1 9 2005
Superior Court
of the District of Columbia
Washington, D.C.

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

On January 27, 2004 the defendant file a false Police report. The defendant has been harassing the Plaintiff and do to the false report and harassment the plaintiff was arrested.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 4,000,000.00 with interest and costs.

Phone: _____

DISTRICT OF COLUMBIA, ss

Michael Moment _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_____ (Plaintiff                                            Agent)

Subscribed and sworn to before me this  19th  day of  March  20 05

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov 00



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHAEL MOMENT          :

      Plaintiff          :

                            Case No. 2005 CA 002103 B

v.          :          Calendar #14

                            Judge Frederick Weisberg

PEARL REARDON          :          Next Event: None Scheduled

      Defendant

*FILED: CIVIL ACTIONS BRANCH NOV 1 8 2005 Superior Court of the District of Columbia Washington, D.C.*

### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
(Pursuant to District of Columbia Court Rule 12(c))

Comes now the Defendant, PEARL REARDON, by her attorney, Thomas D. Murphy, and, pursuant to District of Columbia Court Rule 12(c), files her Motion for Judgment on the Pleadings in the above-captioned matter and, in support thereof, respectfully state as follows:

### INTRODUCTION

The Plaintiff, Mr. Moment, has filed a complaint seeking damages for alleged malicious prosecution on the part of the Defendant, Pearl Reardon.[1] Mr. Moment was previously prosecuted and convicted in this Court for making attempted threats towards Ms. Reardon. As is set forth herein, Mr. Moment's cause of action is barred by his conviction as he cannot prove a critical element of his claim -- that the criminal case was resolved favorably to him. Accordingly, the instant matter should be dismissed.

---

[1] The Plaintiff has also brought a claim against the District of Columbia for the same prosecution in a case captioned as *Moment v. District of Columbia*, Case No. 2005 CA 051888. Both cases are assigned to The Honorable Frederick H. Weisberg and are proceeding simultaneously.



## ARGUMENT

On August 12, 2004, the Plaintiff, Michael Moment, was tried and convicted in this Court for making attempted threats against the Defendant, Pearl Reardon. Appended hereto as **EXHIBIT A** is a copy of this Court's Amended Judgment and Commitment/Probation Order in in Case No. M4828-04. That case is presently on appeal. Mr. Moment subsequently brought the instant case alleging as follows:

> On January 27, 2004, the defendant file [sic] a false Police report. The defendant Has [sic] been harassing the Plaintiff and do [sic] to the false report and harassment the plaintiff was arrested.
>
> Complaint at 1.

He seeks damages from Ms. Reardon in the amount of $4,000,000.00.

As is set forth herein, any potential cause of action has not yet accrued. To succeed on a claim for malicious prosecution, Mr. Moment must allege and be able to prove, *inter alia*, the existence of a termination of the criminal proceedings in his favor. This he cannot do. Accordingly, his complaint must be dismissed.

A.  The Plaintiff Has Failed To Plead The Requisite Elements Of A Claim For Malicious Prosecution.

Although it is not specifically characterized as such in the complaint, Mr. Moment's cause of action is, in essence, one for malicious prosecution.[2] It is well-established that a

---

[2]   The similar yet distinct tort of abuse of process cannot lie in this case. The distinction between the two torts is the point in time at which malice is injected into the proceedings. *Zandford v. Nat'l Ass'n of Securities Dealers, Inc.*, 19 F. Supp.2d 4, 7 (D.D.C. 1998). In a claim for malicious prosecution, it occurs prior to the issuance of process; in abuse of process it is subsequent to issuance. *Id.* A claim for malicious prosecution occurs when "the alleged tort is based upon a lack of sound foundation for the instigation of the...action." *Id.* at 8 (citing *Bown v. Hamilton*, 601 A.2d 1074, 1079 n.14 (D.C. 1992). This is precisely what Mr. Moment alleges with regard to the police report.

plaintiff must plead and prove the following elements:

1. that the underlying suit terminated in the plaintiff's favor;
2. malice on the part of the defendant;
3. lack of probable cause for the underlying suit; and
4. special injury occasioned by the plaintiff as a result of the original action.

*Joeckel v. Disabled American Veterans*, 793 A.2d 1279, 1282 (D.C. 2002); *see also*, *Moore v. United States*, 213 F.3d 705, 710, 341 U.S.App.D.C. 348, 353 (D.D.C. 2000).

In his complaint, Mr. Moment fails to allege any of the four (4) elements required in this jurisdiction to bring a claim for malicious prosecution. Given that Mr. Moment is proceeding *pro se*, however, the Defendant will presume that he could amend his complaint to at least allege factors 2 through 3. The basis for this motion is his absolute inability to establish the first element -- a favorable outcome. Even if properly pleaded, a finding by this Court that the Plaintiff cannot establish the first element would relieve the Court of the burden of analyzing the the remaining factors.

A conviction in the underlying action operates as an absolute bar to a claim for malicious prosecution. *Zandford v. Nat'l Ass'n of Securities Dealers, Inc.*, 19 F. Supp.2d 4, 7 (D.D.C. 1998); *see also*, *Brewster v. Woodward & Lothrop, Inc.*, 530 F.2d 1016, 174 U.S.App.D.C. 164 (1976). In *Zandford*, the plaintiff was convicted by a jury. *Id.* at 8. As a result, the District Court dismissed his claim for malicious prosecution stating that "[s]ince the underlying suit was not terminated in Zandford's favor, and there was no lack of probable cause for its instigation, he cannot sustain a claim for malicious prosecution." *Id.*

A termination in favor of the plaintiff is "[a]t common law and in jurisdictions everywhere in the United States...an essential element of a malicious prosecution action." *Shulman v. Miskell*, 626 F.2d 173, 174, 200 U.S.App.D.C. 1, 2 (D.D.C. 1980)(citing 52 Am.

3

Jur.2d Malicious Prosecutions 29 at n.6). The District of Columbia "has consistently followed the common law rule." *Id.* at 175, 200 U.S.App.D.C. at 3. To establish a termination in one's favor, a plaintiff must prove that a court passed on the merits of the charge against him in such circumstances as to show the plaintiff's innocence. *Rauh v. Coyne*, 744 F.Supp. 1186, 1193 (D.D.C. 1990).

B. <u>The Plaintiff's Claim Is Premature.</u>

The United States Court of Appeals for the District of Columbia Circuit has explained that "if the malicious prosecution plaintiff were permitted to sue before he had prevailed in the original action, inconsistent judgment might be entered on the same question between the same parties [creating] an obviously undesirable result." *Shulman v. Miskell* at 174, 200 U.S.App.D.C. at 3. (1980). A "prerequisite to a malicious prosecution claim" is a resolution in the plaintiff's favor in the underlying case. *Rauh* at 1193.

It is undisputed in this case that Mr. Moment was convicted in the underlying case. *See* Exhibit A. That case is presently on appeal to the District of Columbia Court of Appeals. The Defendant respectfully requests that this Court take judicial notice of the outcome of trial and the current status of that case. In order for Mr. Moment to be able to even plead a claim for malicious prosecution, he must first reverse the trial court on appeal and then prove his innocence at trial upon remand. While that may or may not happen, it is clear that Mr. Moment cannot plead a claim for malicious prosecution at this time. Dismissal is, therefore, appropriate. An obvious issue of concern in the event of dismissal is the effect on the applicable statute of limitations. Fortunately, this question was also taken up by the Court in *Shulman*.

In *Shulman*, the Court analyzed the issue of the date of accrual of an action for malicious prosecution. The Court explained that "[u]nder [common law] and under the cases, a cause of

4

action for malicious prosecution did not lie until [the plaintiff] prevailed" in the underlying case. *Shulman* at 175, 200 U.S. App.D.C. at 3. The Court also resolved the issue of the applicable statute of limitations which, in the case of malicious prosecution, is one year. *Id.* Citing to the D.C. Code, the Court stated that the limitations "period begins to run 'from the time that all the elements of the cause of action exist.' " *Id.* Citing numerous other jurisdictions, the Court found that the "malicious prosecution period of limitations is properly computed from the date of the disposition of the underlying civil or criminal action." *Id.*

Based upon the foregoing analysis, it is clear that Mr. Moment's potential cause of action is precisely that -- a potential cause of action. Not being able to plead all of the requisite elements, his lawsuit is premature. If, at some future date, he succeeds in obtaining a favorable resolution in the underlying criminal case, he will have the opportunity to re-file this action. Finally, Mr. Moment will not be prejudiced by dismissal of this case due to the fact that the statute of limitations will not commence until such time as he has obtained a favorable resolution.

WHEREFORE, the Defendant, PEARL REARDON, moves that this Honorable Court:

A. Enter Judgment in her favor on the pleadings; and,

B. Dismiss the Plaintiff's Complaint; and,

C. Order such other and further relief as is deemed necessary and proper.

THOMAS D. MURPHY (Bar # 211284)
Murphy & Mood, P.C.
Adams Law Center
31 Wood Lane
Rockville, Maryland 20850
(301) 424-0400
Attorney for Defendant Pearl Reardon

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION



MICHAEL MOMENT

    Plaintiff,

vs.

                          Case No.: 05ca002103
                          Judge: Frederick Weisberg
                          Calendar #14

Mrs. Pearl Reardon

    Defendant,


**RESPONSE OF PLAINTIFF, MICHAEL MOMENT**


Come now the Plaintiff, MICHAEL MOMENT, files his response to the Defendant, PEARDON REARDON, answer.


1.    The Plaintiff has filed a complaint to what his claim is and what relief he is seeking. And will do so again on June 24, 2005.

2.    The Plaintiff was arrested on a false police report that the Defendant made.

3.    The Plaintiff has filed an Appeal of that case. Plaintiff is suing the Defendant on harassment, and making a false complaint to Child Protection Services, Defamation of Character, Slander, and Emotional Distress.

1

4. The Defendant conspired with two Detectives of the Metropolitan Police Department. The Plaintiff was not negligent. The Plaintiff is only guilty of being engaged to the Defendant's daughter.

5. The Plaintiff VII Amendment "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law". And XIV Amendment Section 1 "All person born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

6. The statute of limitations has not expired.

7. The Defendant has not been released from legal action.

8. This is the first lawsuit the Plaintiff has filed on the Defendant.

9. The Plaintiff will prove every charge of wrongdoing.

10. The Defendant's attorney state the sentenced that was pass down by Judge Craig Iscoe on August 12, 2004, for attempted threats. The attorney did not state, (a) the August 12, 2004, case is being appealed. (b) That the Plaintiff's civil and constitution rights were violated.

11. The Defendant's attorney states that this suit is another effort at intimidation by the Plaintiff. What the attorney failed to state is the Plaintiff has only seen the Defendant four times and each time it was in a courthouse for her acts not the Plaintiff. And before August 11, 2004, the Plaintiff had never met the Defendant. The Plaintiff's evidence will show who is trying to intimidate whom and prove the Plaintiff case.

MICHAEL MOMENT
P.O. Box 1456
Owings Mills, Maryland 21117
(240) 832-7906

2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

```
FILED
CIVIL ACTIONS BRANCH
JAN 1 3 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC
```

MICHAEL MOMENT         :

      Plaintiff         :

                                       Case No. 2005 CA 002103 B

v.         :         Calendar #14
                                       Judge Frederick Weisberg

PEARL REARDON         :

      Defendant         :

### ORDER

Upon consideration of the Defendant's Motion for Judgment on the Pleadings and any opposition thereto, and the Court having reviewed the record herein, it is thereupon this 12th day of January, 2005, by the Superior Court of the District of Columbia,

ORDERED, that Defendant's Motion for Judgment on the Pleadings be and the same is hereby **GRANTED**; and it is further,

ORDERED, that **JUDGMENT** be and is hereby entered in favor of the Defendant; and it is further,

ORDERED, that Plaintiff's Complaint in this matter be and is hereby **DISMISSED**.

                                                          FREDERICK H. WEISBERG, Judge
                                                          Superior Court of the District of Columbia

Order docketed and copies mailed
from Chambers, First Class Mail, to
parties indicated above on 1/12/06.



Case: 2005 CA 002103 B