UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
MICHAEL MOMENT,                )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No. 06-535 (RWR)
                               )
PEARL REARDON,                 )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM OPINION**

Pro se plaintiff Michael Moment brought an action against his future mother-in-law Pearl Reardon, alleging among other things violations of his constitutional rights. Reardon moved to dismiss on several grounds, including that the doctrine of *res judicata*, or claim preclusion, bars Moment's claims. Because Moment's action is precluded under *res judicata*, Reardon's motion to dismiss, treated as a motion for summary judgment, will be granted.

BACKGROUND

On March 19, 2005, Moment filed a complaint against Reardon in the Superior Court for the District of Columbia alleging that she had harassed him and filed a false report against him leading to his arrest by the Metropolitan Police Department ("MPD"). On January 13, 2006, the Superior Court granted Reardon's motion for

- 2 -

judgment on the pleadings and dismissed Moment's complaint.  (See Def.'s Notice of Filing, Ex. 1 at 9.)

On March 22, 2006, Moment filed the instant complaint against the same defendant averring the same facts that he had previously stated in his Superior Court complaint, although in much greater detail.  Reardon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that Moment's claims are barred by *res judicata*.

## DISCUSSION

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), if matters outside of the pleadings are presented to and not excluded by the court, the motion is properly treated as one for summary judgment under Rule 56.  See Fed. R. Civ. P. 12(b).  Because Reardon's claim regarding *res judicata* requires consideration of matters outside of the pleadings, namely, the Superior Court filings, her motion will be treated as one for summary judgment.  See Walker v. Seldman, 471 F. Supp. 2d 106, 111 (D.D.C. 2007).

Summary judgment should be entered when the pleadings and the record show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party seeking summary judgment bears the burden of demonstrating an absence of a genuine issue of material fact, while the nonmovant must

- 3 -

demonstrate "specific facts showing that there is a genuine issue for trial." Celotex v. Catrett, 477 U.S. 317, 324 (1986). In considering whether the movant has met its burden, a court must give the nonmovant the benefit of all justifiable inferences from the evidence in the record. Littlejohn/LAM Supply Corp. v. Provident Bank, 357 F. Supp. 2d 45, 47 (D.D.C. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"Generally, the doctrine of claim preclusion prevents claims between the same parties or their privies from being relitigated after a final judgment has been rendered in a prior suit." Jane Does I through III v. Dist. of Columbia, 238 F. Supp. 2d 212, 217 (D.D.C. 2002) (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001)). Determining whether a claim should be precluded under the doctrine of *res judicata* requires considering whether the prior litigation (1) involves the same claims or cause of action, (2) was between the same parties or their privies, and (3) involved a final valid judgment on the merits by (4) a court of competent jurisdiction. Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)); see also Hafezi v. Constr. & Dev., Inc., Civ. Action No. 04-2198, 2006 WL 1000339, at * 6 (D.D.C. Apr. 14, 2006) (involving identity of parties); Polsby v. Thompson, 201 F. Supp. 2d 45, 48 (D.D.C. 2002) (involving final judgment on merits by a court of

- 4 -

competent jurisdiction). "Since claim preclusion is an affirmative defense, the burden is on the party asserting it to prove all of the elements necessary for its application." Evans v. Chase Manhattan Mortgage Corp., Civ. Action No. 04-2185, 2006 WL 785399, at * 3 (D.D.C. Mar. 27, 2006) (internal quotation omitted).

Identical causes of action implicate the same nucleus of operative facts; "it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal citation omitted); see also Drake v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002). A determination about whether two causes of action involve the same operative facts is based upon "'whether the facts are related in time, space, origin, or motivation . . . .'" Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 217 (D.C. Cir. 2004) (quoting I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 949 n.5 (D.C. Cir. 1983)). *Res judicata* bars not only the relitigation of claims that were previously raised, but also that "*could have been raised* in that action." Id. at 218 (quoting Drake, 291 F.3d at 66). The issue of finality not only goes to matters that have been previously litigated but also "to any other admissible matter which might

- 5 -

have been offered for that purpose." <u>Nevada v. United States</u>, 463 U.S. 110, 129-30 (1983) (internal citation omitted).

Moment's cause of action against Reardon was litigated in a prior adjudication. In both his complaints, Moment alleges that Reardon filed an MPD police report against him. (<u>See</u> Def.'s Notice of Filing, Ex. 1 at 1.; Compl. at 3.) Following the report, Moment was arrested for making felony threats. Although Moment states additional facts in his federal complaint about his trial in Superior Court, Reardon's testimony there, and events following it (<u>see</u> Compl. at 3-4), both complaints arise from the same transaction, specifically the police report filed by Reardon and Moment's resulting arrest and conviction. All of the claims raised in this complaint could have been raised in the Superior Court complaint. Moment also provides new legal theories on which he bases his argument that Reardon infringed upon additional rights. Simply raising a different legal theory without citing to new claims based on different facts or a change in controlling law does not "overcome the effects of *res judicata*." <u>Apotex</u>, 393 F.3d at 218. Moreover, the two actions seem animated by the same motivation to recover four million dollars in damages. (<u>See</u> Def.'s Notice of Filing, Ex. 1 at 9; Compl. at 7.) <u>Cf.</u> <u>Jane Does I through III</u>, 238 F. Supp. 2d at 218 (finding no similarity of causes of action where the

- 6 -

motivation of the lawsuits was different -- one seeking systemic reform and the other seeking money damages).

There is also an identity of parties for *res judicata* purposes. Moment filed both actions against the same defendant -- Pearl Reardon.

Finally, Reardon has established a final ruling by a court of competent jurisdiction on the merits. Moment does not contest that the Superior Court is a court of competent jurisdiction, and Moment's Superior Court complaint was dismissed based on Reardon's motion for judgment on the pleadings. See Lee v. Bradford, Civ. Action No. 05-1450, 2006 WL 2520614, at *2 (D.D.C. Aug. 30, 2006) (noting that a dismissal in Superior Court for failure to state a claim in a complaint alleging deprivation of constitutional rights was a final judgment on the merits by a court of competent jurisdiction). Reardon's motion argued that Moment's claim for malicious prosecution was barred because he was convicted in the underlying criminal action from which he sought relief. See Office of Foreign Assets Control v. Voices in the Wilderness, 329 F. Supp. 2d 71, 83 (D.D.C. 2004) ("A malicious prosecution claim can be raised only after the termination of court proceedings in favor of the defendant." (citing Moore v. United States, 213 F.3d 705, 710 (D.C. Cir. 2000)). Indeed, Moment does not rebut Reardon's assertion that *res judicata* bars his claims. He admits the Superior Court

- 7 -

entered a judgment for Reardon (<u>see</u> Pl.'s Mot. to Deny Def.'s Mot. for J. on Pleadings at 5), and he does not suggest or show that the dismissal was based upon any grounds other than the merits of his complaint, such as lack of personal jurisdiction or lack of service.

CONCLUSION

Reardon has shown that no genuine issue exists as to whether Moment's current claims stem from the same nucleus of operative facts as those which he previously asserted and adjudicated in his prior Superior Court litigation against the same defendant. Therefore, *res judicata* bars Moment's action and judgment will be entered for the defendant.  A separate Order accompanies this Memorandum Opinion.

SIGNED this 22nd day of May, 2007.


　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　
　　　　　　　　　　　　　　　　RICHARD W. ROBERTS
　　　　　　　　　　　　　　　　United States District Judge